**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**CHRISTOPHER BUCHANAN,**

         **Plaintiff,**

      -against-

**U.S. DEPARTMENT OF EDUCATION;**
**EXPERIAN INFORMATION SOLUTIONS, INC;**
**TRANS UNION, LLC;**
**and EQUIFAX INFORMATION SERVICES, LLC,**

         **Defendants.**
-----------------------------------------------------------------x

**Case No. 1:25-cv-07015**

**COMPLAINT**

Plaintiff, **Christopher Buchanan** ("Plaintiff"), by and through his undersigned counsel, Mallon

Consumer Law Group, PLLC, for his Complaint against Defendants **U.S. Department of**

**Education** ("DOE"), **Experian Information Solutions, Inc.** ("Experian"), **Equifax Information**

**Services LLC** ("Equifax"), and **Trans Union LLC** ("Trans Union") (collectively, "Defendants"),

alleges as follows upon personal knowledge as to himself and upon information and belief as to all

other matters.

## PRELIMINARY STATEMENT

1. This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*,

    and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380 *et seq.*, arising

    from Defendants' unlawful re-reporting, re-aging, and verification of an obsolete student

    loan debt originally incurred in 1993**,** which had been absent from Plaintiff's consumer

    credit reports for more than two decades.

2. After approximately twenty-five years of non-reporting, Defendants caused this decades-old debt to reappear on Plaintiff's credit reports in 2024–2025 with a fabricated "Date Opened" of January 20, 2025, falsely portraying the account as a newly originated and currently delinquent obligation.

3. Plaintiff timely disputed the inaccurate reporting both online and in writing, providing clear notice that the alleged debt was legally obsolete, re-aged, **and** impossible as reported. Despite this notice, the consumer reporting agencies ("CRAs") merely parroted the furnisher's response and continued publishing the false information.

4. The DOE, acting as a furnisher of information, failed to conduct a reasonable investigation and instead verified reporting that no competent investigation could have found accurate, including a plainly false account opening date more than thirty years after the loan was incurred.

5. As a direct and proximate result of Defendants' conduct, Plaintiff suffered a credit score decrease of approximately 150 points, damage to his reputation for creditworthiness, loss of access to favorable credit terms, and emotional distress.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and the unlawful conduct complained of occurred, in substantial part, within this District.

## PARTIES

9. Plaintiff Christopher Buchanan is a natural person residing in Astoria, New York, and is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), and the NY FCRA.

10. Defendant **Experian Information Solutions, Inc.** is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f) and regularly assembles and disseminates consumer credit reports.

11. Defendant **Equifax Information Services LLC** is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

12. Defendant **Trans Union LLC** is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

13. Defendant **U.S. Department of Education** is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2 and regularly furnishes information regarding alleged student loan accounts to consumer reporting agencies.

## FACTUAL ALLEGATIONS

14. In or about 1993, Plaintiff incurred a student loan in connection with his attendance at the University of Dayton.

15. Any such loan became delinquent decades ago and ceased appearing on Plaintiff's consumer credit reports more than twenty-five years before the events giving rise to this action.

16. For decades, Plaintiff's credit reports were free of any reference to this alleged debt.

17. In or about 2024, Defendants caused the alleged debt to be re-reported to Plaintiff's consumer credit files.

18. The account was falsely reported with a "Date Opened" of January 20, 2025, despite originating in 1993.

19. This false date improperly re-aged the account, making it appear newly incurred and currently collectible.

20. Equifax and Trans Union initially removed the account, confirming its improper reporting.

21. Thereafter, the account was reinserted and/or re-verified, again reflecting the false 2025 opening date.

22. Plaintiff disputed the account online in or about April 2025 and again in writing in June 2025, explicitly identifying the debt as obsolete and illegally re-aged.

23. Each CRA notified the DOE of Plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a)(2).

24. The DOE failed to conduct a reasonable investigation, failed to review all of the relevant information Plaintiff provided, and instead verified the false reporting.

25. The CRAs failed to conduct independent reinvestigations and merely accepted the DOE's verification of the disputed account.

26. As a result, the inaccurate account continues to appear on Plaintiff's credit reports as a collection account with a fabricated 2025 opening date.

27. Plaintiff's credit score declined by approximately 150 points, causing real and ongoing harm.

28. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in the reduction of Plaintiff's credit limit on his current

accounts, and caused Plaintiff significant emotional distress and damage to her reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

## FIRST CAUSE OF ACTION
Violation of the FCRA – 15 U.S.C. §§ 1681c & 1681i
(Against the CRA Defendants)

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29. Defendants Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681c(a)(4) by reporting an account placed for collection more than seven years after the date of first delinquency.

30. Defendants violated 15 U.S.C. § 1681c(a)(4) by re-aging the account through false reporting of the date of delinquency and date opened.

31. Defendants violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations after receiving Plaintiff's disputes.

32. Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

33. Defendants violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject Wells Fargo from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

34. Defendants violated 15 U.S.C. § 1681i(a)(5) by reinserting or continuing to report inaccurate information without ensuring its accuracy.

35. Defendants' violations were willful or, in the alternative, negligent.

**SECOND CAUSE OF ACTION**
Violation of the FCRA – 15 U.S.C. § 1681s-2(b)
(Against U.S. Department of Education)

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. After receiving notice of Plaintiff's disputes from the CRAs, the DOE failed to conduct a reasonable investigation.

36. The DOE verified information that was patently inaccurate, including a fabricated account opening date in 2025.

37. The DOE's conduct violated 15 U.S.C. § 1681s-2(b)(1).

38. These violations were willful or, in the alternative, negligent.

---

**THIRD CAUSE OF ACTION**

Violation of the New York Fair Credit Reporting Act

(Against the CRA Defendants)

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

40. Defendants violated N.Y. Gen. Bus. Law §§ 380-f and 380-j by failing to conduct reasonable reinvestigations and by continuing to publish inaccurate credit information.

41. Plaintiff suffered actual damages as a result.

---

**DAMAGES**

42. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages including reduction in credit limit in his current accounts, loss of creditworthiness, higher borrowing costs, emotional distress, and time and expense spent correcting Defendants' errors.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. Actual damages;

b. Statutory damages;

c. Punitive damages for willful violations;

d. Attorneys' fees and costs;

e. Injunctive relief requiring permanent deletion of the inaccurate account; and

f. Such other and further relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: December 22, 2025                    Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
238 Merritt Drive
Oradell, NJ. 07649
(917) 734-6815
kmallon@consmerprotectionfirm.com
*Attorneys for the Plaintiff*

7